UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

TIAUNA JACKSON,
   Plaintiff,

v.

LAW SCHOOL ADMISSION COUNCIL, INC.,
   *a Delaware nonprofit corporation,*
DARREN KETTLES,
   *individually,*
and
VICTORIA WHITESELL,
   *individually,*
   Defendants.

Case No. 4:26-cv-04066

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This action asserts claims under the Americans with Disabilities Act, South Dakota antitrust law, and South Dakota common law including defamation, negligence, fraud, and related torts. On April 4, 2024, Defendant LSAC issued a formal charge accusing Plaintiff of concealing prior law school enrollment. The charge cited Plaintiff's own Howard University application as evidence. That application disclosed the enrollment the charge accused Plaintiff of concealing. LSAC withdrew the charge five days later.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of South Dakota. Defendant LSAC is a Delaware nonprofit corporation with its principal place of business in Pennsylvania. Defendant Kettles is a citizen of Florida. Defendant Whitesell is a citizen of Pennsylvania. Complete diversity of citizenship exists between Plaintiff

and all Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs. All Defendants are private parties. No state entity is a party to this action.

3. This Court has additional jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the Americans with Disabilities Act, Title III, 42 U.S.C. § 12181 et seq.

4. Plaintiff's state-law claims are independently supported by diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as alleged in Paragraph 2. Complete diversity exists between Plaintiff and all Defendants, and the amount in controversy for each claim exceeds $75,000. Supplemental jurisdiction under 28 U.S.C. § 1367 provides an additional and independent basis for jurisdiction over the state-law claims.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## III. PARTIES

6. Plaintiff Tiauna Jackson is a citizen of South Dakota residing in Sioux Falls. Plaintiff is a service-connected disabled veteran. At the time of the events described herein, Plaintiff was enrolled as a first-year law student at the University of South Dakota Knudson School of Law. Plaintiff's legal education was funded through the Department of Veterans Affairs Chapter 31 Vocational Rehabilitation program.

7. Defendant Law School Admission Council, Inc. is a Delaware nonprofit corporation with its principal place of business in Newtown, Pennsylvania. LSAC operates the Credential Assembly Service and administers the misconduct adjudication process for law school applicants nationwide. LSAC reported total revenue of approximately $249 million on its 2023 IRS Form 990.

8.  Defendant Darren Kettles is a citizen of Florida who resides in Gulfport, Florida. Kettles is the Chair of LSAC's Subcommittee on Misconduct and Irregularities in the Admission Process. Kettles signed the Charge Letter at issue.

9.  Defendant Victoria Whitesell is a citizen of Pennsylvania. Whitesell is Manager of Legal Operations/Paralegal within LSAC's Legal, Governance & Compliance division. Whitesell signed the Dismissal Letter at issue.

10. Personal jurisdiction over Kettles is supported by his status as an agent of LSAC, whose contacts with South Dakota are continuous and systematic. LSAC maintains a participation agreement with the University of South Dakota, the only ABA-accredited law school in South Dakota.

11. When Kettles signed the Charge Letter, he was acting on LSAC letterhead, exercising authority vested in him by LSAC's Rules, over a referral from a South Dakota institution, concerning a South Dakota student. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-80 (1985).

## IV. STATEMENT OF FACTS

### A. LSAC's Monopoly and Misconduct Process

12. LSAC is the sole entity that administers misconduct adjudication for law school applicants in the United States. No alternative adjudicatory body exists. LSAC's participation agreements with approximately 200 ABA-accredited law schools require member schools to use LSAC exclusively for this function.

13. LSAC's Subcommittee on Misconduct and Irregularities is not composed of attorneys. Its members are law school administrators and admissions professionals employed by LSAC's member schools. LSAC Rules, § 4.

14. LSAC's misconduct process provides no mechanism for respondents to request accommodations for disabilities. No extended deadlines exist for disabled respondents. No accommodation process of any kind exists for misconduct respondents.

15. Under LSAC Rules § 11(a), if a candidate does not respond to a charge within thirty days, the Chair may enter a default determination with no hearing.

16. Under LSAC Rules § 3, intent is not an element of a finding of misconduct.

17. LSAC provides no complaint mechanism through which candidates who are charged can seek accountability. When Plaintiff asked whether she could file a complaint, Whitesell responded that there was no such process. Ex. 3.

18. LSAC's publicly available description of its misconduct process states that it provides candidates "a full and fair opportunity to answer the allegations."

**B. Plaintiff's Background and Amendment**

19. Before enrolling at USD, Plaintiff had enrolled in Northwestern California University School of Law, a non-ABA correspondence school. Plaintiff attended briefly and did not complete a semester.

20. During orientation in August 2023, a South Dakota Board of Bar Examiners member addressed the incoming class and advised students to err on the side of disclosure regarding prior enrollment.

21. On August 3, 2023, Plaintiff submitted an Application Recertification form to USD disclosing the NWCU enrollment and attaching a letter of good standing. Ex. 4.

22. Separately, Plaintiff's application to Howard University School of Law, processed through LSAC's own Credential Assembly Service, disclosed the NWCU enrollment under Question 7.1. This application was in LSAC's CAS database at the time of the

events described herein. Plaintiff paid mandatory fees to LSAC as a condition of using the CAS. Plaintiff had no alternative provider for this service.

## C. The Referral and Charge

23. On March 27, 2024, Katey Ulrich, Director of Admissions at USD, filed a misconduct referral with LSAC alleging that Plaintiff had failed to disclose the NWCU enrollment on her law school applications.

24. The referral was filed seven months after Plaintiff had already amended her application to disclose NWCU.

25. On April 1, 2024, Lanae N. Romey compiled the Documented Case Package for the charge. PDF metadata identifies Romey as the author. Romey had previously been employed by USD as a Program Assistant for USD Online. She was not a lawyer.

26. Romey's assignment to compile the evidence package for a referral from her former employer was not disclosed. LSAC reported to the IRS that it maintains a written conflict of interest policy. IRS Form 990 (2023), Part VI, Lines 12a-12c.

27. On the afternoon of April 1, 2024, Whitesell reviewed the compiled case package. PDF annotation metadata records her review.

28. On April 4, 2024, LSAC issued a formal Charge Letter to Plaintiff, signed by Kettles. The Charge Letter accused Plaintiff of "failure to disclose, on one or more law school applications, previous attendance at another postsecondary institution." Ex. 1.

29. The Charge Letter cited Plaintiff's Howard University application as evidence. That application disclosed the NWCU enrollment under Question 7.1 — the same enrollment the charge accused Plaintiff of concealing.

30.   The Charge Letter threatened that if misconduct were found, "the documented case will be disseminated by LSAC to all law schools to which the candidate has applied or may apply." Ex. 1.

31.   Plaintiff's Diversity Statement, enclosed with the referral and compiled into the Documented Case Package, identified Plaintiff's business as holding "Service Connected Disabled Veteran Owned Small Business" certification. The Diversity Statement was in the case file when LSAC processed the charge.

**D. The Response and Withdrawal**

32.   On April 5, 2024, one day after receiving the Charge Letter, Plaintiff submitted a written response directing LSAC to its own CAS records. Ex. 3.

33.   On April 9, 2024, Ulrich emailed Whitesell requesting to withdraw the referral, stating that Plaintiff "has sent us a letter of good standing and addendum to her application." Ex. 6.

34.   That same day, LSAC issued a Dismissal Letter signed by Whitesell stating: "the charge will not be a part of your LSAC record, and no further action is required." Ex. 2.

**E. The Permanent Harm**

35.   LSAC Rules § 14 provides: "Records of misconduct and irregularity cases shall be maintained by LSAC." This provision is unqualified.

36.   On February 18, 2026, Whitesell confirmed that LSAC maintained a file on Plaintiff — nearly two years after representing that the charge would not be part of Plaintiff's record.

37.   On February 20, 2026, LSAC confirmed that the materials Ulrich submitted constituted the entire evidentiary record and that "there were no other communications with the Subcommittee in this matter."

38. Under *In re Application of Widdison*, 539 N.W.2d 671 (S.D. 1995), bar applicants must disclose all proceedings regardless of outcome. Plaintiff must disclose this charge on every bar application she submits.

39. As a direct result of LSAC's conduct, Plaintiff suffered exacerbation of her service-connected PTSD and anxiety disorder, panic attacks, insomnia, and ongoing emotional distress with physical manifestations. Plaintiff was required to disclose the LSAC charge on transfer applications to other law schools and did so.

**F. Metadata Evidence**

40. The Charge Letter and Dismissal Letter were authored by Melissa Crouch. Document metadata identifies Crouch as the creator of both documents. Ex. 5.

41. Crouch began drafting the Charge Letter on April 2, 2024. She finalized the Dismissal Letter on April 9, 2024 in nine minutes with one revision. The same individual authored both documents.

42. No attorney reviewed the Charge Letter before issuance. Whitesell is a paralegal.

# V. CLAIMS FOR RELIEF

## COUNT I — VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III (42 U.S.C. § 12181 et seq.)
### (Against LSAC)

43. Plaintiff incorporates all preceding paragraphs.

44. LSAC operates a place of public accommodation subject to 42 U.S.C. § 12182(a). LSAC has been judicially determined to be subject to ADA Title III. *Department of Fair Employment and Housing v. Law School Admission Council, Inc.*, No. 3:12-cv-01830 (N.D. Cal. 2014) (consent decree). LSAC was found in contempt of that decree in 2018. Congress enacted the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

45. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.

46. LSAC's misconduct adjudication process provides no reasonable modifications for individuals with disabilities, as alleged in Paragraph 14. LSAC maintains accommodation infrastructure for LSAT test-takers but provides none for misconduct respondents.

47. LSAC had actual knowledge that Plaintiff was a disabled veteran, as alleged in Paragraph 31.

48. As a direct result of LSAC's failure to provide reasonable modifications, Plaintiff was subjected to a career-altering misconduct process without any accommodation. Plaintiff seeks injunctive relief and attorney's fees under 42 U.S.C. § 12205. LSAC's misconduct process remains unchanged. No accommodation mechanism has been implemented since the events alleged herein.

## COUNT II — LIBEL

**(Against LSAC, Kettles, and Whitesell)**

49.    Plaintiff incorporates all preceding paragraphs.

50.    The Charge Letter accused Plaintiff of professional dishonesty. This constitutes defamation per se under SDCL § 20-11-3.

51.    The accusation was false. The Howard University application cited by the Charge Letter disclosed the enrollment the charge accused Plaintiff of concealing.

52.    The Charge Letter was published to LSAC personnel who processed the file.

53.    Plaintiff is entitled to presumed damages under SDCL § 20-11-3.

## COUNT III — NEGLIGENCE AND INSTITUTIONAL NEGLIGENCE
### (Against LSAC)

54.    Plaintiff incorporates all preceding paragraphs.

55.    LSAC owed Plaintiff a duty of care arising from LSAC's monopoly control over access to the legal profession and Plaintiff's status as a paying customer of LSAC's CAS. *Johnson v. Hayman & Assocs., Inc.*, 2015 SD 63, ¶ 13, 867 N.W.2d 698, 702.

56.    LSAC breached that duty by issuing a formal charge without verifying the accusation against its own CAS records, by assigning a former USD employee to compile the evidence package for a referral from USD, by failing to require attorney review of the charge, and by failing to implement cross-referencing, recusal, or complaint procedures.

57.    As a direct and proximate result of LSAC's negligence, Plaintiff suffered the harms alleged in Paragraphs 38-39.

## COUNT IV — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against LSAC)

58.    Plaintiff incorporates all preceding paragraphs.

59.     LSAC's conduct, as alleged herein, was negligent and caused Plaintiff severe emotional distress with physical manifestations as alleged in Paragraph 39. *Wright v. Coca Cola Bottling Co.*, 414 N.W.2d 608 (S.D. 1987). As a direct and proximate result, Plaintiff suffered damages.

## COUNT V — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against LSAC, Kettles, and Whitesell)

60.     Plaintiff incorporates all preceding paragraphs.

61.     LSAC held monopoly power over Plaintiff's professional future, issued a charge contradicted by its own records, threatened permanent nationwide dissemination, and provided no mechanism for Plaintiff to challenge the charge or seek accountability. This conduct was extreme and outrageous. LSAC acted intentionally or with reckless disregard for the consequences of its conduct. Plaintiff suffered severe emotional distress as alleged in Paragraph 39. As a direct and proximate result, Plaintiff suffered damages.

## COUNT VI — ABUSE OF PROCESS
### (Against LSAC and Kettles)

62.     Plaintiff incorporates all preceding paragraphs.

63.     LSAC initiated its misconduct adjudication process against Plaintiff based on an accusation that LSAC's own records disproved and without conducting the independent investigation required by LSAC Rules § 6(b). As a direct result, Plaintiff suffered the harms alleged in Paragraphs 38-39.

## COUNT VII — TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
### (Against LSAC)

64.     Plaintiff incorporates all preceding paragraphs.

65. At the time of the charge, Plaintiff had prospective business relationships with law schools to which she intended to apply as a transfer student, with future employers in the legal profession, and with bar admission authorities. LSAC knew that Plaintiff was enrolled in law school and pursuing a legal career. LSAC's issuance of the charge, which Plaintiff was required to disclose on transfer applications, interfered with those relationships. The interference was not justified because the charge was contradicted by LSAC's own records. As a direct result, Plaintiff's ability to transfer was impaired and she suffered professional harm. *Tibke v. McDougall*, 479 N.W.2d 898, 908 (S.D. 1992).

## COUNT VIII — NEGLIGENT MISREPRESENTATION
### (Against LSAC and Whitesell)

66. Plaintiff incorporates all preceding paragraphs.

67. LSAC, through Whitesell, represented that "the charge will not be a part of your LSAC record." LSAC Rules § 14 requires that records "shall be maintained." In February 2026, LSAC confirmed it maintained a file on Plaintiff. The representation was false.

68. Plaintiff relied on this representation by ceasing efforts to obtain a formal retraction. As a direct result, Plaintiff did not obtain a formal written retraction and continues to bear the disclosure obligation.

## COUNT IX — BREACH OF IMPLIED CONTRACT
### (Against LSAC)

69. Plaintiff incorporates all preceding paragraphs.

70. Plaintiff paid mandatory CAS fees to LSAC. LSAC processed Plaintiff's applications and data. An implied contract arose from this commercial relationship. LSAC breached that contract by issuing a charge contradicted by its own records and by failing to perform the

investigation its Rules require. As a direct and proximate result, Plaintiff suffered the harms alleged in Paragraphs 38-39.

## COUNT X — UNJUST ENRICHMENT
### (Against LSAC)

71.    In the alternative to Count IX, Plaintiff incorporates all preceding paragraphs.

72.    LSAC received mandatory fees from Plaintiff, used Plaintiff's own CAS data as the evidentiary basis for a charge that the data disproved, and retained those fees. Equity requires restitution.

## COUNT XI — VIOLATION OF SOUTH DAKOTA DECEPTIVE TRADE PRACTICES ACT (SDCL § 37-24-6)
### (Against LSAC)

73.    Plaintiff incorporates all preceding paragraphs.

74.    LSAC represented that its misconduct process provides "a full and fair opportunity to answer" charges. LSAC's process provides no accommodation for disabled respondents, no cross-referencing against its own records, no attorney review, and no complaint mechanism. These representations are deceptive within the meaning of SDCL § 37-24-6. These acts were committed in the conduct of trade or commerce. As a direct result, Plaintiff suffered the harms alleged in Paragraphs 38-39.

## COUNT XII — DECLARATORY JUDGMENT (28 U.S.C. § 2201)
### (Against LSAC)

75.    Plaintiff incorporates all preceding paragraphs.

76.    An actual controversy exists regarding whether LSAC maintains a record of the withdrawn charge, whether LSAC's representation that the charge "will not be a part of your LSAC record" was accurate, and Plaintiff's disclosure obligations. Plaintiff requests

a declaratory judgment resolving these questions and declaring that the withdrawn charge does not reflect adversely on Plaintiff's character and fitness for bar admission.

## COUNT XIII — FRAUD AND FRAUDULENT MISREPRESENTATION
### (Against LSAC and Whitesell)

77.    Plaintiff incorporates all preceding paragraphs.

78.    On April 9, 2024, LSAC, through Defendant Whitesell, represented that "the charge will not be a part of your LSAC record, and no further action is required." This representation was false when made, or became false when LSAC maintained the file for nearly two years. LSAC intended Plaintiff to rely on this representation. Plaintiff did rely on it to her detriment. As a direct result, Plaintiff suffered the harms alleged in Paragraphs 38-39.

## COUNT XIV — VIOLATION OF SOUTH DAKOTA ANTITRUST LAW (SDCL § 37-1-3.2)
### (Against LSAC)

79.    Plaintiff incorporates all preceding paragraphs.

80.    LSAC possesses monopoly power in the market for misconduct adjudication services for law school applicants. No competing adjudicatory body exists. LSAC maintains this monopoly through exclusive participation agreements with approximately 200 ABA-accredited law schools. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966); SDCL § 37-1-22.

81.    LSAC exploited its monopoly to operate a misconduct process that lacks the safeguards competition would require. Plaintiff was injured in her business and property as a direct result. SDCL § 37-1-3.2; SL 1977, ch 305, § 2.

82.    Plaintiff is entitled to treble damages under SDCL § 37-1-14.3, SL 1977, ch 305, § 10.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Enter judgment in favor of Plaintiff and against Defendants on all counts.

**B.** Award presumed damages for libel under SDCL § 20-11-3.

**C.** Award compensatory damages for emotional distress, professional harm, reputational injury, and all other actual damages.

**D.** Award punitive damages pursuant to SDCL § 21-3-2.

**E.** Award treble damages under SDCL § 37-1-14.3.

**F.** Enter injunctive relief requiring LSAC to implement reasonable modifications for disabled respondents, cross-referencing procedures, attorney review, recusal procedures, and a complaint mechanism.

**G.** Enter a declaratory judgment as described in Count XII.

**H.** Order LSAC to purge all records of the withdrawn charge and notify bar admission authorities that the charge does not reflect adversely on Plaintiff's character and fitness.

**I.** Award attorney's fees and costs under 42 U.S.C. § 12205 and SDCL § 37-1-14.3.

**J.** Award restitution of all fees paid by Plaintiff to LSAC.

**K.** Award prejudgment and post-judgment interest, costs, and disbursements.

**L.** Grant such other relief as the Court deems just and proper.

# VII. JURY DEMAND

83. Plaintiff demands trial by jury on all issues so triable.

Dated: APRIL 6, 2026
Respectfully submitted,

Tiauna Jackson, Pro Se
101 S. Reid Street, Ste 307
Sioux Falls, SD 57103
TJ@TJA.AGENCY; LSAC@SUEEMALL.COM

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JACKSON, TIAUNA

**DEFENDANTS**

LAW SCHOOL ADMISSION COUNCIL, INC.; KETTLES, DA

**(b)** County of Residence of First Listed Plaintiff    Lincoln, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Tiauna Jackson, Pro Se
101 S. Reid St., Ste 307

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | | Personal Injury | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [X] 320 Assault, Libel & Slander | Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud [ ] 371 Truth in Lending | **LABOR** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | **IMMIGRATION** [ ] 462 Naturalization Application | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1); 42 U.S.C. § 12181 et seq.; SDCL § 37-1-3.2

Brief description of cause:
ADA Title III, defamation, negligence, fraud, state antitrust arising from baseless misconduct charge

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
9,500,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    APRIL 6, 2026

SIGNATURE OF ATTORNEY OF RECORD
Tiauna Jackson, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Visit **UPS.com**

**Apply shipping documents on this side.**

Scan QR code to
schedule a pickup

This envelope is for use with the following services:   **UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for:   **UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

## Reusable Express Env

### Legal Size
Reduce paper waste by using this ... the
return to sender or with another ...
flap above.

**The UPS Store Smart Label**
Tracking #
1Z08E88V011429 8269

International Shipping Notice ... rules relating to liability
and other terms and/or conditions ... e Unification of Certain
Rules Relating to International Carriage by Ai ... ') and/or the Convention
on the Contract for the International Carriage of Goo ... CMR Convention"). These
commodities, technology or software were exported from ... n accordance with the Export
Administration Regulations. Diversion contrary to U.S. law prohibited.

**Serving you for more than 110 years**
**United Parcel Service.®**

 

SHIP TO:
TIAUNA JACKSON
(602) 614-9911
THE UPS STORE #4801
3330 SYCAMORE RD
DEKALB   IL 60115-9621

(605) 330-6600
CLERK, US DISTRICT COURT
RM 128
400 S PHILLIPS AVE
SIOUX FALLS SD 57104-6851

SHP WT: 2 LBS
DATE: 06 APR 2026

1.7 LBS LTR

**UPS NEXT DAY AIR**
TRACKING #: 1Z 08E 88V 01 1429 8269

**SD 571 9-01**

BILLING: P/P

REF #1: HC

MMD1HZUBN52UK ISH 13.00C ZZP230 EP 11

B4359LY871
BULLFROG 1 DESTO

CLERK, US DISTRICT COURT
400 S PHILLIPS AVE
SIOUX FALLS SD 57104

P:RED   S: NORTH
**21XX - 1028**
8269
I: R26
1030
X

 **100% Recycled fiber**
**80% Post-Consumer**

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com   01019511212   05/21   PAC   United Parcel Service

xtremely Urgent

Reusable
Express

