UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIAUNA JACKSON,<br><br>                     Plaintiff,<br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., DARREN KETTLES, and VICTORIA WHITESELL,<br><br>                 Defendants. | 4:26-CIV-04066-CBK<br><br>OPINION AND ORDER<br><br>DISMISSING CASE |

The defendants have filed a motion to dismiss this action (Doc. 17). The plaintiff has filed a memorandum (Doc. 21) in opposition to the motion and the defendants have filed a reply brief (Doc. 22). The Court has fully considered all the briefs and the motion. Plaintiff does not resist dismissal of Counts VI, XI, and XIV of her complaint but requests that the dismissals be without prejudice. Plaintiff makes reference on page two of her opposition to her "current institution" without disclosing what that might be. Defendants insist in their reply brief that plaintiff has graduated from law school. If that is true, the claimed future difficulty in being admitted to a law school will never occur and plaintiff's allegations are false and frivolous. There is nothing elsewhere in the record one way or the other as to whether she has been admitted and has graduated from law school.

I have previously dismissed what could be called a companion case to the present case. I again adopt that case. *See* Jackson v. Univ. of S. Dakota, et al., No. 4:26-CIV-04069-CBK, 2026 WL 1283874 (D.S.August 12, 2026. May 11, 2026).

This lawsuit stems from a complaint filed with defendant Law School Admission Council, Inc. ("LSAC"), a Delaware corporation with its principal place of business in Pennsylvania, by the Knudson School of Law at the University of South Dakota ("USD") on March 27, 2024, and actions taken by the individual defendants on behalf of LSAC. One of the individual defendants is an employee of LSAC and the other is a volunteer (which supports the old adage that no good deed goes unpunished). Plaintiff on September 25, 2020, enrolled at a law school (not accredited by the

American Bar Association but nevertheless a law school in California). She withdrew during the first term in good standing. Law school applicants for admission to ABA law schools are required to apply through LSAC. On a date not appearing in the record, plaintiff applied to attend USD and answered "no" to the question of whether she had previously attended any other law school. That answer was false. She was admitted to the 2023 USD law school class. On August 3, 2023, plaintiff submitted what she called a "recertification form" disclosing to USD for the first time her previous attendance at the California school. I know of no authority that allows a lie to be "corrected." A statement is either true or false when stated. There is therefore no legal basis for a claim of libel. In addition, LSAC did not and has not stated anything that is not true. I recognize plaintiff's claim that LSAC should have destroyed or sealed its record in connection with the charge. There is no legal basis for such a claim.

The director of admissions at USD may have learned of plaintiff's California enrollment by noting social media postings by plaintiff claiming that the California school was a much better law school than USD. Whether or not the admissions director knew earlier about the later information furnished by plaintiff is unknown and is not material in this action. Whether or not a false answer in the original application can be overlooked by virtue of a "recertification form" is also undecided and is not material in any event. USD obviously made a decision to ignore the false answer on the original application (again proving that no good deed goes unpunished).

The director of admissions at USD sought on March 27, 2024, an investigation as to whether plaintiff had lied in her written application for law school admission by answering "no" as to whether she had previously attended any other law school. Upon the filing of the referral by USD, LSAC and the individual defendants were required to conduct an investigation and make findings. LSAC promptly (on April 4, 2024) asked plaintiff to reply to the allegation and plaintiff promptly (on April 5, 2024) replied, stating that she had at some point (months before the referral was filed) corrected her USD application. On April 9, 2024, USD withdrew any charge and asked that the matter be closed. It was closed although LSAC retained in its closed files (as it had every right to do) the documents involved.

Plaintiff claims almost every conceivable cause of action and items of damages. She makes reference to being a "service-connected disabled veteran" without disclosing what she claims to have

incurred while in the military.  In any event, this Court would decline to permit any disabled veteran to be excused from telling the truth in matters of importance.  In addition, plaintiff never requested any accommodation of any kind in replying to the referral in which she requested a telephonic hearing.  A party cannot claim that an accommodation should have been applied in the absence of such a request with appropriate information supplied.

Much of what plaintiff alleges deals with fears and speculations as to what may happen in the future.  The Supreme Court has warned us not to "endorse standing theories that require guesswork as to how independent decision makers will exercise their judgment."  Clapper v.  Amnesty Int' v. USA, 568 U.S. 398, 413 (2013).  Allegations of possible future injury are not sufficient to satisfy the requirement of "injury in fact".  Clapper, 568 U.S. at 409, quoting Whitmore, 495 U.S. at 158.

Plaintiff seeks attorney fees, knowing that she is acting pro se and will have no attorney fees. Her allegation is frivolous and entirely without merit.

Plaintiff claims that jurisdiction exists in South Dakota as a result of LSAC and the individual defendants responding to the request from USD, in other words doing what they were required to do.  To adopt plaintiff's reasoning would permit a disgruntled customer to complain to a foreign corporation, receive a reply, and then claim the foreign corporation and its employees had thus subjected themselves to the jurisdiction of courts in South Dakota.  This is not to be permitted. The individual defendants have established that they have no connection of any kind to South Dakota, other than responding to the USD complaint for LSAC and notifying plaintiff of its existence.  To exercise personal jurisdiction over the two individuals would offend the traditional notions of fair play and substantial justice and violate their rights of due process. The plaintiff attempts to make much of what transpired between the plaintiff and Howard University which has nothing to do with what transpired between plaintiff and USD.  What the defendants knew about Howard University also has nothing to do with the present action.  On the basis of what has transpired, there is no basis whatsoever to establish liability on the part of defendants, regardless of whether or not there is jurisdiction.  Defendants did not libel plaintiff but simply acted on the referral which referral was also not false.  Defendants did not act negligently but simply did their duty upon receiving the referral.  As a matter of law, under principles of due process of law, there is no jurisdiction over the individual defendants.  I realize that the defendants have not briefed the

3

question of lack of jurisdiction as to LSAC (which is very much in doubt given the one contact LSAC has had with South Dakota).

The bottom line here is that, under the undisputed facts, the defendants did nothing wrong and thus the action should be dismissed. There is no legal basis for any claim of negligence. LSAC and the individual defendants did exactly what they should have done, both in connection with the original charge and the withdrawal. The claims of plaintiff for an ADA violation, intentional infliction of emotional distress, abuse of process, tortious interference, negligent misrepresentation, breach of implied contract, unjust enrichment, a deceptive trade practice, fraud, antitrust, and a declaratory judgment are all without legal merit. The undisputed material facts in the complaint fail to state a claim upon which relief may be granted.

The motion of defendants should be granted and this action should be dismissed. There would be no basis at all to permit plaintiff to attempt to file another amended complaint as to these defendants, once again seeking to dodge principles of due process as guaranteed by the Fifth Amendment to the United States Constitution. Costs are to be taxed by the Clerk of this Court.

NOW, THEREFORE, IT IS ORDERED, as follows:

1) The motion of the defendants to dismiss (Doc. 17) is granted.

2) This Court has no jurisdiction over the individual defendants and this action is dismissed without prejudice as to them. The action is dismissed with prejudice as to LSAC.

3) There is no legal basis whatsoever to permit the plaintiff to file another amended complaint. Any such second amended complaint would be futile.

4) The Clerk of this Court shall not accept for filing any action by this plaintiff against these defendants other than a possible notice of appeal.

5) Costs shall be taxed by the Clerk in favor of the defendants and against plaintiff.

Dated at Aberdeen, South Dakota, this 12th day of August, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge